U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF MS
FILED

2006 SEP 29 AM 10: 24

CHARLENE J KENNEDY
CLERK

BY_____ DEPUTY

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:
THE CONSOLIDATED FGH LIQUIDATING TRUST

f/k/a

CASE NO. 01-52173

FRIEDE GOLDMAN HALTER, INC.,
et al., Jointly Administered

## OPINION

Before the court is the Objection to Proofs of Claim of L.M. Bond, Harold Bludworth and Wayne Bulot filed by Oakridge Consulting, Inc. and Ocean Ridge Capital Advisors, L.L.C. as Liquidating Trustee for the Consolidated FGH Liquidating Trust in the above styled proceeding. Having considered the pleadings and memoranda submitted on behalf of the parties, the court concludes that the objection should be sustained.

## I. FACTUAL BACKGROUND

Friede Goldman Halter, Inc. and certain affiliates[1] filed petitions for relief under Chapter 11 of Title 11 of the United States Code in April and in June of 2001. The cases were administratively consolidated. On December 30, 2003 the court approved the Fourth Amended Joint Plan under Chapter 11 of the Bankruptcy Code. The Liquidating Trust is the appointed representative of each of the debtors' estates.

L.M. Bond, Harold Bludworth, and Wayne Bulot filed proofs of claim in the bankruptcy proceedings regarding a stock purchase agreement wherein the claimants sold stock of Bludworth

---

[1] Among the affiliated debtors that filed a petition for relief under Chapter 11 was Halter Marine, Inc. Also among the affiliated debtors that filed a petition for relief under Chapter 11 on April 20, 2001, was Bludworth Bond Holding, Inc., formerly Bludworth Bond Shipyard, Inc., as pointed out in the Liquidating Trustee's brief.

Bond Shipyard, Inc., to Halter Marine, Inc. The claimants seek distribution on amounts outstanding under the stock purchase agreement. The agreement required that Halter Marine, Inc. pay a fixed amount of $7,425,000.000, an escrow amount of $675,000.00 and a contingent amount that was subsequently fixed at $2,115,020.70. The fixed and escrow amounts were paid, however, only 20% of the contingent amount was paid and the claimants indicate that Halter Marine still owes $1,692,016.56 on the contingent amount.

The Liquidating Trustee filed its objection to the proofs of claim[2] on grounds that the claims are subject to subordination pursuant to 11 U.S.C. § 510(b) on equitable grounds as the claims arise from the purchase and sale of securities. The Trustee's position is that for purposes of distribution the claims are subordinate to all claims or interests that are senior to or equal and that payment should be made after payment in full of the claims for unsecured creditors. The Trustee also objected stating that the claimants are not entitled to unmatured interest pursuant to § 502(b)(2), that claimants have not provided sufficient documentation to support claims as required under Fed. R. Bankr. P. 3001, and that claims are duplicates of another claim or a duplicative claim filed against multiple debtor entities. The Liquidating Trustee requests that the court disallow and expunge claims.

The claimants responded to the objection arguing that the express language of § 510(b) only applies to claims for the sale or purchase of debtor stock and not when the debtor purchases stock of another company. The claimants abandoned their claims for interest rendering that

---

[2] The Liquidating Trust filed objections to proofs of claim 02496, 02497, 02498, 02499, 02500 and 02501 of L.M. Bond in the amount $578,828.54; to proofs of claim 02490, 02491, 02492, 02493, 02494 and 02495 of Harold Bludworth in the amount $1,061,272.04; and to proofs of claim 02502, 02503, 02504, 02505, 02506 and 02507 of Wayne Bulot in the amount $96,558.52.

objection moot. The claimants further aver that the Trustee did not specify what shortage of information harmed the claims and reserved the right to supplement if necessary. The claimants indicate in their reply brief that they do not challenge the Liquidating Trustee's objection to multiple claims where the estates were substantively consolidated.[3]

## II. CONCLUSIONS OF LAW

The matter before the court is a core proceeding under 28 U.S.C. § 157. The court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. § 1334 and § 157.

The parties disagree as to the applicability of 11 U.S.C. § 510(b) and as to whether the subject claims of L.M. Bond, Harold Bludworth and Wayne Bulot should be subordinated pursuant to that section. The claimants argue that under the plain wording of the statute, the subsection only applies to claims for the sale or purchase of debtor stock, and not an instance where the debtor purchased stock of another company. Here, Halter Marine, Inc. entered into a stock purchase agreement with the claimants to purchase stock of Bludworth Bond Shipyard, Inc.

Section 510(b) of the Bankruptcy Code provides the following:

**§ 510. Subordination.**
. . .
(b) For the purpose of distribution under this title, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such a security, or for reimbursement or contribution allowed under section 502 on account of such a claim, shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.

---

[3] The claimants indicate they will accept one claim each for the following amounts: (1) L.M. Bond - $578,828.54; (2) Harold Bludworth - $1,061,272.04; (3) Wayne Bulot - $96,558.

11 U.S.C. § 510(b).

The claimants argue that at no time did they own, sell or purchase stock of any of the debtor entities. The court agrees with the position of the Liquidating Trustee, however, and concludes that because Bludworth Bond Holding, Inc., actually filed its own petition for relief under Chapter 11 as an affiliate of Friede Goldman Halter, Inc., as did Halter Marine, Inc., the stock purchase agreement that is the subject of this claim objection is, in fact, a claim that arises from the purchase or sale of a security of the debtor or an affiliate of the debtor for purposes of distribution pursuant to 11 U.S.C. § 510(b). Based on the arguments and authorities cited by the Liquidating Trustee in its pleadings and memoranda, the court concludes that the claims should be subordinated pursuant to 11 U.S.C. § 510(b).[4]

An order will be entered consistent with these findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58. This opinion shall constitute findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52.

DATED this the 29th day of September, 2006.

Edward R. Haines
EDWARD R. GAINES
UNITED STATES BANKRUPTCY JUDGE

---

[4] The court concludes that L.M. Bond Claim No. 2496, Harold Bludworth Claim No. 2490 and Wayne Bulot Claim No. 2502 should be subordinated pursuant to 11 U.S.C. § 510(b). The remaining claims listed above and objected to are disallowed as duplicate claims.

**ATTORNEYS FOR LIQUIDATING TRUST:**

David S. Wheeler
Wheeler & Wheeler, PLLC
185 Main Street
Biloxi, Mississippi 39530

Douglas S. Draper
Leslie A. Collins
Greta M. Brouphy
Heller, Draper, Hayden, Patrick & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130


**ATTORNEY FOR BOND, BLUDWORTH, BULOT:**

Brenda G. Long
Daniel, Coker, Horton & Bell, P.A.
2301 14 St., Suite 810
Gulfport, Mississippi 39502