___

**SO ORDERED,**

*Katharine M. Samson*

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: May 2, 2019**

The Order of the Court is set forth below. The docket reflects the date entered.
___

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:  FRIEDE GOLDMAN HALTER INC. et al. | CASE NO. 01-52173-KMS (Jointly Administered) |
| DEBTORS | CHAPTER 11 |

## OPINION AND ORDER DENYING MOTION TO REOPEN

This matter came on for hearing on the motion to reopen the chapter 11 cases of Friede Goldman Halter Inc. ("FGH") and an unspecified number of thirty-one affiliated companies (collectively with FGH, "Debtors"), ECF No. 8046,[1] under 11 U.S.C. §§ 105(a) and 350(b) and Rule 5010 of the Federal Rules of Bankruptcy Procedure. This proceeding is within the bankruptcy court's core jurisdiction under 28 U.S.C. § 157(b)(2)(A) ("matters concerning the administration of the estate").

The movant, Trinity Industries Inc. ("Trinity"), is defending asbestos claims in state courts in Louisiana ("State Court Lawsuits"). Trinity seeks a determination that those claims, arising as alleged asbestos exposures from the 1950s through the 1970s, were discharged as to Trinity, a non-Debtor, under the order confirming Debtors' Fourth Amended Joint Plan ("Confirmation Order"). Plaintiffs in three of the State Court Lawsuits ("Asbestos Claimants") oppose reopening, arguing

---

[1] Unless otherwise indicated, "ECF No. ____" refers to the docket of the cases as jointly administered under No. 01-052173-KMS.

that Trinity does not have standing as a party in interest to reopen these cases and that even if it did, reopening would be futile.² Obj. ¶ 4, ECF No. 8063 at 2. The Liquidating Trustee for the Consolidated FGH Liquidating Trust ("Trustee") takes no stand on reopening except to observe that the Liquidating Trust has been closed for approximately nine years and that if the case is reopened, she would have no funds with which to administer it. Tr. 29:15-23, ECF No. 8087.

The motion to reopen ("Motion") is denied. Trinity is not "the debtor or other party in interest" that may move to reopen these cases under Bankruptcy Rule 5010. And even if Trinity were a party in interest, reopening would be futile because the Confirmation Order does not discharge any liability of Trinity.

## FINDINGS OF FACT

Before filing bankruptcy in 2001, FGH and its subsidiaries were together "a multinational, worldwide leader in the design, manufacture, conversion and modification of equipment for the offshore energy and maritime industries." Third Am. J. Discl. Stmt. at 19, ECF No. 4132. Although FGH itself did not come into existence until 1999, its predecessor entities had been in the business of designing offshore drilling rigs for more than fifty years. *Id.*

Trinity intersected with FGH only obliquely. In 1996, Trinity spun off Halter Marine Group Inc. as a new, publicly traded corporation. Suppl. Br. ¶ 16, ECF No. 8093 at 7. In 1999, a "Halter Marine Group Inc." merged with Friede Goldman International Inc. to become FGH. Third Am. J. Discl. Stmt. at 19, ECF No. 4132.

Trinity asserts that the Confirmation Order bars the Asbestos Claimants' lawsuits against Trinity as a successor to a company whose assets eventually ended up in one or more of these FGH Debtor cases: Gretna Machine & Iron Works LLC, Halter Marine Inc., Halter Marine Services

---

² The Asbestos Claimants are Carroll Hollingshead; Kathleen A. Uzee, Denise A. Uzee, and Philip A. Uzee, individually and on behalf of decedent Atney R. Uzee Jr.; and Forrest Lewis Jr. Obj., ECF No. 8063 at 1 n.1.

Inc., and Equitable Shipyards LLC, Suppl Br., ECF No. 8093 at 1 n.1. The following flow chart illustrates Trinity's narrative explaining the corporate transactions that, according to Trinity, support this argument. *See id.* ¶¶ 16-18.



A 1981 stock purchase made Trinity a successor to Gretna Machine & Iron Works Inc.[3] There is no transaction making Trinity a successor to Debtors Gretna Machine & Iron Works LLC, Halter Marine Inc., Halter Marine Services Inc, or Equitable Shipyards LLC. Trinity's counsel admitted as much at hearing:

> The Court: Your client is not the successor to the Friede Goldman Halter bankruptcy, is that correct?
>
> Mr. Alaniz: Well, Your Honor, I think we're—we're certainly not a successor to a reorganized debtor. We're a successor in the first instance, but not a successor to a reorganized debtor. Although that's how they [Plaintiffs in the State Court Lawsuits] styled it, they have sued us as a successor.
>
> The Court: Okay. But, you are not the successor to the reorganized debtor.
>
> Mr. Alaniz: Correct. We're not a—
>
> The Court: I have gone back and looked to make sure.
>
> Mr. Alaniz: That's right.
>
> The Court: Because we were trying to figure this out. So, what you really are is the predecessor to the reorganized debtor.
>
> Mr. Alaniz: In some ways, well, absolutely. To the reorganized debtor we are a predecessor in a sense.
>
> The Court: And you're a predecessor to Friede—to the actual debtor.
>
> Mr. Alaniz: I think so, Your Honor, yes. I mean, I would certainly want to flesh out all of those arguments.

Tr. 17: 5-25, ECF No. 8087.

---

[3] Trinity's discovery responses in another asbestos action explain that the "Gretna Machine & Iron Works Inc." (a Delaware corporation) that Trinity acquired in 1981 was not the same entity as the "Gretna Machine & Iron Works Inc." (a Louisiana corporation) whose assets were transferred to Halter Marine Inc. in 1996. *See* Suppl. Obj. Ex. 1, ECF No. 8100 at 15-16. Further, the "Trinity Industries Inc." (a Texas corporation) that bought the stock of the (Delaware) Gretna Machine & Iron Works Inc. was not the same entity as the "Trinity Industries Inc." (a Delaware corporation) that spun off Halter Marine Group Inc. *Id.* These details, although not material here, highlight how distant Trinity is from Debtors and how convoluted its history.

On April 19, 2001, Debtors filed their chapter 11 cases, which were consolidated for joint administration, ECF No. 13. On December 30, 2003, the Fourth Amended Joint Plan was confirmed. ECF No. 4539. On May 9, 2013, the cases were closed. ECF No. 7999.

There are no funds left to administer. Tr. 30:2-4, ECF No. 8087.

Trinity was a creditor in one of the bankruptcy cases, having filed a proof of claim for a little less than $1 million against Halter Marine Inc. based on contractual indemnity related to a pre-1996 contract for construction of a passenger ship. *See* Cl. No. 03373, ECF No. 8093-1 at 1-4. The claim was treated in an agreement with the Trustee, whereby the Trustee would file a lawsuit against the IRS in Trinity's name to seek recovery of tax refunds due Halter Marine Inc. for tax years 1994-96. *See* Order Granting the Motion for Authority to Enter into Agreement to File Litigation, ECF No. 7033 at 6-7. If recovered, the refunds would be used to pay approximately 60% of Trinity's claim. *Id.* at 8. The refund lawsuit was filed in 2006 and ultimately resolved in 2015 by agreed judgment. *See* Agreed Final Judgment, *Trinity Indus., Inc. v. United States*, No. 3:06-cv-00726-N, ECF No. 158 (N.D. Tex. May 15, 2015). The Trustee was awarded $3.5 million plus interest. *Id.* at 2. Trinity does not assert that it is still owed anything on the claim.

Also, Trinity was listed in the schedules of Gretna Machine & Iron Works LLC as a co-debtor in relation to an oil reclamation facility. *See* Case No. 01-52198-ee, Am. Sch. H at 2, ECF No. 7.

## CONCLUSIONS OF LAW

"A case may be reopened . . . to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Here, Trinity moves to reopen these cases for enforcement of the Confirmation Order and of the discharge injunction under 11 U.S.C. § 524(a)(2). Mot. ¶¶ 5, 19, ECF No. 8046 at 3, 7. Specifically, Trinity would seek the following relief: "(1) a determination

5

by Adversary Proceeding that the claims asserted in State Court Lawsuits were discharged by the Confirmation Order, and (2) the Court's enforcement of its own Confirmation Order and discharge provisions." *Id.* ¶ 20.

### I. Trinity Is Not a Party in Interest.

"A case may be reopened on motion of the debtor or other party in interest . . . ." Fed. R. Bankr. P. 5010. The Bankruptcy Code does not define "party in interest," offering instead a non-exclusive list of who "may raise and may appear and be heard on any issue" in cases under chapter 11. *See* 11 U.S.C. § 1109(b) (providing that parties in interest include "the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee"). "[T]he phrase [party in interest] invites interpretation and 'is generally understood to include all persons whose pecuniary interests are directly affected by the bankruptcy proceedings.'" *Nintendo Co. v. Patten (In re Alpex Computer Corp.)*, 71 F.3d 353, 356 (10th Cir. 1995) (quoting *Yadkin Valley Bank & Tr. Co. v. McGee (In re Hutchinson)*, 5 F.3d 750, 756 (4th Cir. 1993)). "Because there is no precise definition of the phrase party-in-interest, courts are to make this determination on a case by case basis." *In re E.S. Bankest, L.C.*, 321 B.R. 590, 595 (Bankr. S.D. Fla. 2005).

Here, under no asserted theory or authority is Trinity a party in interest that may move to reopen these cases.

*A. Trinity Does Not Have Party-in-Interest Standing as a Participant in a Case.*

The Fifth Circuit Court of Appeals has not considered who may be a party in interest on motions to reopen. But in a nonprecedential opinion on objection to proof of claim in a chapter 7 case, the Fifth Circuit defined "party in interest" essentially like other courts have defined "party in interest" under § 1109(b) as "anyone who has a legally protected interest that could be affected

6

by the bankruptcy case." *Khan v. Xenon Health, L.L.C. (In re Xenon Anesthesia of Tex., P.L.L.C.)*, 698 F. App'x 793, 794 (5th Cir. 2017); *cf., e.g.*, *In re Orchard at Hansen Park, LLC*, 347 B.R. 822, 825 (Bankr. N.D. Tex. 2006) (defining "party in interest" under § 1109(b) as "all persons whose pecuniary interests are . . . directly affected by the bankruptcy proceedings").

Trinity asserts it is a party in interest as a "participant" in the bankruptcies, based on Trinity's being listed as a co-debtor in one of Debtors' schedules. Supp. Br. ¶¶ 12-13, ECF No. 8093 at 6. But merely being listed on Schedule H does not confer standing. And Trinity does not explain how its status as a co-debtor on what the Asbestos Claimants identify as an environmental clean-up obligation, ECF No. 8100 at 3, confers a legally protected interest that could be affected by enforcement of the discharge injunction or the Confirmation Order. Trinity therefore does not have party-in-interest standing as a participant in one of the cases.

### B. Trinity Does Not Have Party-in-Interest Standing as a Creditor.

Persuasive authority suggests that the only "designated players" with "a particular and direct stake in reopening cognizable under the Bankruptcy Code" are debtor, creditor, and, in some cases, trustee. *In re Alpex Computer*, 71 F.3d at 356; *see also Alexandria Surveys, LLC v. Alexandria Consulting Grp., LLC (In re Alexandria Surveys Int'l, LLC)*, 500 B.R. 817, 820-21 (E.D. Va. 2013) (citing *Alpex*), *aff'd sub nom. Alexandria Consulting Grp., LLC v. Alexandria Surveys Int'l, LLC*, 589 F. App'x 126 (4th Cir. 2014); *In re Odin Demolition & Asset Recovery, LLC*, 544 B.R. 615, 624-25 (Bankr. S.D. Tex. 2016) (recognizing that debtor, creditor, and sometimes trustee comprise "the universe of individuals or entities" that may move to reopen).

Trinity asserts that it has standing because it was a creditor in one of the cases. *See* Suppl. Br. ¶¶ 12, 14-15, ECF No. 8093 at 6-7. Trinity filed a proof of claim in the Halter Marine Inc. case and entered into an agreement with the Trustee related to that claim. But standing as a creditor

7

requires more than identity; it also requires interest, that is, a stake in reopening that is particular and direct to that creditor. *See In re E.S. Bankest, L.C.*, 321 B.R. at 595 (noting that "[t]he Bankruptcy Code is replete with examples where a creditor may not have standing to object," including to portions of a chapter 11 plan that do not affect the creditor's direct interests).

Trinity does not assert any stake in reopening these cases premised on relief to which Trinity could be entitled as a creditor, such as administration of newly discovered assets. Trinity does not seek additional distributions on its claim. And even if it did, no assets exist to distribute. Trinity therefore does not have party-in-interest standing as a creditor.

## II. Even if Trinity Were a Party in Interest, Reopening Would Be Futile Because Trinity Is Not a Successor to Debtors.

Reopening a case for a purpose that is futile is an abuse of discretion. *Chase Auto. Fin., Inc. v. Kinion (In re Kinion)*, 207 F.3d 751, 757 (5th Cir. 2000). Here, the discharge provision in the Confirmation Order protects only "Debtors, *their successors*, or their assets or properties." *See* ECF No. 8046-2 at 11 (emphasis added). Accordingly, for the Confirmation Order to bar the State Court Lawsuits, Trinity would have to be a successor to Debtors. But Trinity is not a successor.

Trinity became a successor only to a non-debtor when in 1981, long before the bankruptcy cases, it bought the stock of Gretna Machine & Iron Works Inc. Non-debtors are not protected by the discharge injunction. *See* 11 U.S.C. § 524(e) ("[D]ischarge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."). Consequently, the Confirmation Order did not discharge liabilities that Trinity, a non-debtor, may have acquired through the stock purchase of another non-debtor.[4] *See Hall v. Nat'l Gypsum Co.*,

---

[4] Trinity asserts that when it transferred the stock and assets of Gretna Machine & Iron Works Inc. to Halter Marine Inc., Trinity also transferred liabilities. Suppl. Br. ¶ 17-18, ECF No. 8093 at 7-8 ("Halter Marine agreed to assume all past and future liabilities arising out of any operations ever conducted by, among others, Gretna Machine."). Interpretation of an assumption agreement is more properly the domain of the state courts, not the bankruptcy court. And if Trinity is correct that an assumption agreement cut off asbestos-related liabilities, Trinity has no asbestos-related debts to discharge.

105 F.3d 225, 229 (5th Cir. 1997) (noting that under § 524(e), "the debt still exists and can be collected from any other entity that might be liable").

Trinity argues that it is a successor within the meaning of the Confirmation Order because of its "unique" historical relationship with some of the Debtors. Suppl. Br. ¶ 21, ECF No. 8093 at 8. But Trinity's previous corporate relationships were not unique. As the Asbestos Claimants point out, "[t]his scenario occurs from time to time in asbestos litigation." Suppl. Obj. ¶ 22, ECF No. 8100 at 8. They cite the following example:

> Owens-Illinois began production and distribution of the asbestos product Kaylo in 1948. In 1958, Owens-Illinois sold the Kaylo division to Owens Corning Fiberglas ("OCF"). OCF filed for bankruptcy in 2000 and emerged in 2006 freed of its asbestos liability after forming an asbestos trust under § 524(g). Despite OCF's bankruptcy, Owens-Illinois remains subject to asbestos lawsuits based on Kaylo. The bankruptcy of OCF did not retroactively eliminate Owens-Illinois' liability.

*Id.* (footnotes omitted).

The Asbestos Claimants also correctly state that "[t]he bankruptcy of the owner of a business does not exonerate everyone who had ever owned the business in the past." *Id.* Here, the bankruptcies of FGH and its affiliated entities do not exonerate Trinity.

## ORDER

Trinity is not a party in interest that may move to reopen these cases. Even if it were, reopening would be futile, because Trinity is not a successor to Debtors and therefore is not protected by the Confirmation Order or the discharge injunction. The Motion to Reopen is therefore **ORDERED DENIED**.

## *END OF ORDER* ##

9